**In re Petition for DISCIPLINARY ACTION AGAINST William D. PAUL, an Attorney at Law of the State of Minnesota.**

No. C9–00–311.

Supreme Court of Minnesota.

April 4, 2000.

ORDER

The Director of the Office of Lawyers Professional Responsibility has filed a petition for disciplinary action alleging that respondent William D. Paul has committed professional misconduct warranting public discipline, namely, respondent neglected client matters, failed to keep the clients informed and made misrepresentations to one client, failed to promptly return the file to the client, engaged in a pattern of depositing fee and cost advances in his business account and failed to safeguard client funds, and failed to cooperate with the Director's investigation in violation of Rules 1.3, 1.4(a), 1.15(a) and (b), 1.16(d), 4.1, 8.1(a)(3), 8.4(c) and (d), Minnesota Rules of Professional Conduct (MPRC), and Rule 25, Rules on Lawyers Professional Responsibility (RLPR).

Respondent admits his conduct has violated the Rules of Professional Conduct, waives his rights pursuant to Rule 14, RLPR, and has entered into a stipulation with the Director wherein they jointly recommend that the appropriate discipline is a public reprimand and two years supervised probation subject to the following conditions:

(1) Respondent shall cooperate fully with the Director's Office in its efforts to monitor compliance with this probation and promptly respond to the Director's correspondence by the due date. Respondent shall cooperate with the Director's investigation of any allegations of unprofessional conduct which may come to the Director's attention. Upon the Director's request, respondent shall provide authorization for release of information and documentation to verify compliance with the terms of this probation.

(2) Respondent shall abide by the Rules of Professional Conduct.

(3) Respondent shall be supervised by a licensed Minnesota attorney, appointed by the Director to monitor compliance with the terms of this probation. Respondent shall provide to the Director the names of four attorneys who have agreed to be nominated as respondent's supervisor within two weeks from the date this order is filed. If, after diligent effort, respondent is unable to locate a supervisor acceptable to the Director, the Director will seek to appoint a supervisor. Until a supervisor has signed a consent to supervise, the respondent shall on the first day of each month provide the Director with an inventory of active client files described in paragraph (4) below. Respondent shall make active client files available to the Director upon request.

(4) Respondent shall cooperate fully with the supervisor in his/her efforts to monitor compliance with this probation. Respondent shall contact the supervisor and schedule a minimum of one in-person meeting per calendar quarter. Respondent shall submit to the supervisor an inventory of all active client files by the first day of each month during probation. With respect to each active file, the inventory shall disclose the client name, type of representation, date opened, most recent activity, next anticipated action, and anticipated closing date. Respondent's supervisor shall file written reports with the Director at least quarterly, or at such more frequent intervals as may reasonably be requested by the Director.

(5) Respondent shall initiate and maintain office procedures which ensure that there are prompt responses to correspondence, telephone calls, and other important communications from clients,

courts and other persons interested in matters which respondent is handling, and which will ensure that respondent regularly reviews each and every file and completes legal matters on a timely basis.

(6) Within 30 days from the filing of this order, respondent shall provide to the Director and to the probation supervisor, if any, a written plan outlining office procedures designed to ensure that respondent is in compliance with probation requirements. Respondent shall provide progress reports as requested.

(7) Respondent shall maintain law office and trust account books and records in compliance with Rule 1.15, MRPC, and LPRB Opinion No. 9. These books and records include the following: client subsidiary ledger, checkbook register, monthly trial balances, monthly trust account reconciliation, bank statements, canceled checks, duplicate deposit slips and bank reports of interest, service charges and interest payments to the Lawyer Trust Account Board. Such books and records shall be made available to the Director within 30 days of the filing of this order and thereafter shall be made available to the Director at such intervals as he deems necessary to determine compliance.

This court has independently reviewed the file and approves the jointly recommended disposition.

IT IS HEREBY ORDERED that respondent William D. Paul is publicly reprimanded and placed on two years supervised probation under the conditions agreed to and stated above. Respondent shall pay $900 in costs and disbursements pursuant to Rule 24, RLPR.

BY THE COURT:

Alan C. Page

Alan C. Page
Associate Justice